UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
LUIS AVELAR, individually and on behalf
of all other similarly-situated,

       Plaintiff,                                   Case No.

v.

CIAMPA MANAGEMENT CORP., DOUGLAS A.
CIAMPA and VICTOR HIDALGO,

       Defendants.
---------------------------------------------------------X

Plaintiff, LUIS AVELAR, individually and on behalf of others similarly-situated (collectively as "FLSA Plaintiffs and/or Rule 23 Plaintiffs"), by and through their undersigned attorneys, as and for their Complaint against CIAMPA MANAGEMENT CORP., DOUGLAS A. CIAMPA and VICTOR HIDALGO (collectively "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to others, as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); (v) the NYLL's

requirement of compensation for spread of hours; and (vi) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

3. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this District. Furthermore, Defendant's principal place of business and Plaintiff's employment was located within this District.

## THE PARTIES

4. At all times relevant, Plaintiff was over the age of 18, a resident of the State of New York, *suis juris* and otherwise competent to file this action. At all relevant times herein, Plaintiff worked for Defendants in the State of New York and was and is an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

5. Defendant CIAMPA MANAGEMENT COMPANY, INC., is a New York domestic corporation, with its principal place of business at 1129 Northern Blvd., Suite 305, Manhasset, NY 11030.

6. Upon information and belief, individual Defendants DOUGLAS A. CIAMPA serves as owners, manager, principal or agents of CIAMPA MANAGEMENT COMPANY, INC. and through corporate entities, owns and manages the Premises, participated in the day-to-day operations of the corporate Defendant, who have the power to hire and fire employees, set wages

and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

7. Defendant VICTOR HILDAGO, an individual and sui juris, was the general manager and employer at CIAMPA MANAGEMENT COMPANY, INC., the company at which Plaintiff was employed. VICTOR HIDALGO acted directly and indirectly in the interest of CIAMPA MANAGEMENT COMPANY, INC., managed its business and had the power to direct employees' actions. VICTOR HIDALGO had management responsibilities, degree of control over financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) Plaintiff and similar situated employees at CIAMPA MANAGEMENT COMPANY, INC. in accordance with the FLSA making Defendant VICTOR HIDALGO an employer pursuant to 29 USC § 203(d).

8. At all relevant times herein, Defendants were an "employer" within the meaning of the FLSA and NYLL. Additionally, during all relevant times, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were engaged in interstate commerce within the meaning of the FLSA, which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COVERAGE

9. During all material times, Defendant CIAMPA MANAGEMENT COMPANY, INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant CIAMPA MANAGEMENT COMPANY, INC. was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendant VICTOR HIDALGO was an employer as defined by 29 U.S.C. § 203(d).

12. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs seeks to bring this suit to recover from Defendants unpaid wages, unpaid overtime wages, compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former superintendents, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for unpaid wages, overtime wages, damages and/or penalties that are is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all times during the applicable FLSA limitations period, Defendants is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and NYCCRR. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent forms are attached to the Complaint.

18. Under FRCP 23(b)(3), Plaintiffs must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.
   19. Plaintiffs seek certification of the following FRCP 23 class:

   Current and former superintendents who performed any work for Defendants within the State of New York during the six years preceding the filing of this Action ("Rule 23 Plaintiffs").

## Numerosity

19. From January 1, 2015 to the present Defendants have employed at least twenty employees that are putative members of this class.

5

**Common Questions of Law and/or Fact**

20.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and requires rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether defendants paid and pays Rule 23 Plaintiffs overtime wages at time and one half their respective regular rates of pay for all overtime hours worked over forty in a week; (4) whether Defendants failed and fails to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants failed and fails to furnish Rule 23 Plaintiffs with accurate wage notices at the time of their hire containing the information required by NYLL § 195(1); (6) whether Defendants failed and fails to pay Rule 23 Plaintiffs their wages on at least as frequently as a weekly basis; (7) whether Defendants has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (9) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

21.     As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL and NYCCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and does not pay them overtime wages for all hours worked over forty each week, nor did and does Defendants furnish them with proper wage statements or wage notices when the law requires, nor did and does Defendants pay them their wages at least as frequently as on a weekly basis.  Plaintiff and the Rule

23 Plaintiffs enjoy the same statutory rights under the NYLL and NYCCRR to be paid all of their earned overtime wages, and to be furnished with accurate wage statements on each payday and wage notices upon hire, and to be paid at least as frequently as on a weekly basis.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and NYCCRR.  Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### **Adequacy**

22.     Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants regularly failed and fails to pay Plaintiff overtime wages at the rate of time and one-half their respective regular rates of pay for hours worked over forty each week, did and does not furnish Plaintiffs with accurate wage statements on each payday, did and does not furnish Plaintiffs with accurate wage notices upon hire, and did and does not pay Plaintiffs their wages at least as frequently as on a weekly basis, which is substantially similar to how the Defendants paid and treated and pays and treats the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to him raised in this Complaint and that will be raised in the Defendants' Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

23.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## Superiority

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any superintendent employed by Defendants would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## FACTUAL ALLEGATIONS

27. Defendant CIAMPA MANAMGENT COMPANY, INC. owns, operates, manages and/or controls the following multi-unit residential building located at 1910 Parsons Blvd., Flushing, New York 11106, where Plaintiff was the Superintendent (the "Premises"). According to Defendants' website at http://ciampaorganization.com, specifically listing properties, Defendant owns, operates, manages and/or controls the following multi-unit residential buildings/developments: Belshire Manor, the Bennington, The Douglaston Squire, Metro View and Packard Square.

28. At http://ciampaorganization.com/residential-properties, Defendants state that they currently have twenty residential apartment buildings, with a twenty first well underway.

29. Defendant VICTOR HIDALGO, at all times material, was Plaintiff's supervisor for Plaintiff's work at the Premises and set Plaintiff's works schedule and rate of pay.

30. On or about May 2017, Plaintiff commences his employment with Defendants as the superintendent of the Premises and was compensated at an hourly rate. Plaintiff was terminated on October 14, 2019.

31. Plaintiff's duties as a superintendent required him to perform mostly manual labor.

32. Defendants did not provide Plaintiff a proper and accurate Wage Notice upon being hired or proper and accurate Wage Statements for each pay period.

33. At all times material, Plaintiff was regularly scheduled to work and did work in excess of forty hours per work week. Plaintiff was also scheduled to and work where his work day began and ended in a span of hours greater than ten hours. Further, Plaintiff was regularly scheduled to and did work during normal business hours, nights and weekends. In addition, Plaintiff was on call, was required to respond to did respond to emergencies that occurred.

34. At no point during his employment did the Defendants ever track Plaintiff's work hours or provide any means for Mr. Avelar to report his own work hours.

35. Defendants never provided Plaintiff with the means of recording his work hours.

36. Defendants provided Plaintiff with an apartment as part of their compensation. However, Defendants never provided Plaintiff with notice that a deduction would be taken for the furnishing of an apartment, nor how much the value of the apartment would be. As a result of Defendants' failure to notify Plaintiff of the deduction or the value of the lodging as well as to provide Plaintiff with any pay for their work, Plaintiff's effective rate of pay fell below the federal minimum wages in effect at all relevant times herein.

37. Defendants failed to provide Plaintiff at the time of hiring and during a change in pay rate, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any trade names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1) & 12 NYCRR §141-2.2.

38. Throughout the entirety of Plaintiff's employment, Defendants failed and continues to fail to pay Plaintiff owed regular wages and overtime wages of time and one-half their regular rates for any hours that Plaintiffs worked over forty in a workweek.

39. On each occasion when it paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, inter alia, his actual regular and overtime hours and wages for all hours worked during each work week.

40. Additionally, Defendant intentionally did not provide Plaintiff with wage notices at the time of his hire that accurately contained, inter alia, Plaintiff's regular and overtime wage rates of pay as designated by the employer.

41. Plaintiff was required to pay for impermissible business expenses, including but not limited to uniform expenses and providing tolls to perform his job duties.

42. Defendants treated and paid Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs in the same manner described herein. Defendants acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

43. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201, et seq**

Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

45. Defendants suffered or permitted Plaintiff to work without paying him minimum wages for all the hours he worked up to forty hours per work week.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. As a result of Defendants' failure to compensate Plaintiff at least equal to the minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

48. As a direct and proximate result of forcing Plaintiff to work without paying him minimum wages for all the hours he worked up to forty hours per work week, Plaintiff has been damaged for one or more weeks of work with Defendants. Plaintiff are entitled to recover from Defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FAILURE TO PAY OVERTIME WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, et seq**

Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

11

49. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. Defendants suffered or permitted Plaintiff to work without paying him for all the overtime hours he worked at the required overtime rate of one and half times his wage rate.

51. Defendants' actions were willful and intentional.

52. By suffering or permitting Plaintiff to work without being paid proper overtime wages for each hour worked in excess of forty hours in a week.

53. As a direct and proximate result of forcing Plaintiff to work without being paid a proper overtime hourly wage and requiring his, Plaintiff has been damaged for one or more weeks of work with Defendants.

## COUNT III
## DECLARATION OF RIGHTS

Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

55. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

56. Defendants did not rely on a good faith defense in forcing Plaintiff to work without being paid an hourly wage.

57. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

58. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

## COUNT IV
## Unpaid Overtime under the NYLL and the NYCCRR

Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a work week.

60. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts into this action are employees within the meaning of the NYLL and the NYCCRR.

61. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

## COUNT V
## Failure to Furnish Proper Wage Statements in Violation of the NYLL

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

65. As described above, Defendant, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

66. Prior to May 2017, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

67. On or after May 2017, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## COUNT VI
## (Violation of NYLL Spread-of-Hours Pay)

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. From May 2017, Defendants failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval

between the beginning and end of his workday -- including working time plus time off for meals plus intervals off duty -- was greater than l0 hours.

70. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorney's fees, costs and pre-judgment and post-judgment interest.

## COUNT VII
**Failure to Furnish Proper Wage Notices in Violation of the NYLL**

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

74. As described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with an accurate wage notice at hire containing all of the criteria required under the NYLL.

75. Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## COUNT VIII
**(Illegal Deductions – NYLL)**

15

76. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

78. Defendants had a policy and practice of deducting money from Plaintiff for furnishing an apartment.

79. Defendants failed to inform and give proper notice to Plaintiff for said deduction.

80. Defendants' deduction goes beyond the allowable amount under New York Labor Law.

81. Defendants' unlawful deduction was willful within the meaning of NYLL § 198(c) and supporting regulations.

82. Defendants willfully violated Plaintiff' rights by failing to provide Plaintiff with the annual notices required by the Wage Theft Prevention Act.

83. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants monies unlawfully deducted from pay, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL §§ 193 and 198(c).

84. Due to Defendants' New York Labor Law violations, Plaintiff are entitled to recover from Defendants statutory damages from Plaintiff's date of hire through termination of his employment, up to the maximum statutory damages.

## COUNT IX
### (Retaliation)

85. Plaintiff, repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. Plaintiff' rights to be paid minimum wage under FLSA and NYLL is a protected activity.

87. Plaintiff are protected in their inquiries to Defendants regarding their rights to be paid minimum wage for the maintenance of twenty-two (22) units in the Premises.

88. Defendants, in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215, terminated Plaintiff as a result of Plaintiff' inquiries regarding his pay.

89. Prior to October 14, 2019, on multiple occasions, Plaintiff voiced his concerns and complained to Defendants regarding his right to payment of proper wages.

90. Defendants terminated Plaintiff directly as a result of his complaints regarding Defendants' failure to pay Plaintiff the appropriate wages.

91. Plaintiff was damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under NYLL and the FLSA as to Plaintiff;

(b) A compensatory award of unpaid compensation, at a wage rate not to below minimum wage, statutory overtime rate due under the FLSA and spread of hours rate under NYLL;

(c) An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

(d) Liquidated damages for Defendants' New York Labor Law violations;

(e) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Awarding Plaintiff damages for the amount of unpaid minimum wages and damages for improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages or the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, wages, and any deductions or credits taken against wages;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d); (k) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiff, the expenses incurred in this action, including costs and attorneys' fees;

(m) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n) All such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to FRCP 38(b), Plaintiffs, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

DATED this **10th** day of **January,** 2020.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Boca Raton, FL 33431
PH:  (954) 745-0588
www.nklegal.com

By:  */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQ.
(HR 3270)
ramirez@nklegal.com
NOLAN KLEIN, ESQ.
(NK 4223)
klein@nklegal.com
amy@nklegal.com