| | |
|---|---|
| **LAW OFFICES OF NOLAN KLEIN, P.A.** | ATTORNEYS & COUNSELORS |

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10016**
**PH: (646) 560-3230**

[www.nklegal.com](www.nklegal.com)                                                                             Nolan Klein, Esq.
                                                                                                                                   klein@nklegal.com

October 2, 2020

**VIA ECF**
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
Courtroom 11D South
225 Cadman Plaza East
Brooklyn, NY 11201

                    **RE:**    **Avelar v. Ciampa Management, Corp., et. al.**
                               **EDNY Case No. 20-cv-00210-AMD-JO**

Dear Judge Orenstein:

      Plaintiff Luis Avelar ("Plaintiff," "Plaintiff Avelar," or "Mr. Avelar") and Defendants, Ciampa Management, Corp. (the "Company"), Douglas Ciampa and Victor Hidalgo (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, failure to provide wage statements, failure to pay spread of hours, unlawful deduction, and retaliation, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

      Plaintiff Avelar alleged that he was a superintendent at a building owned by Defendants, located at 1910 Parsons Blvd., Flushing, New York 11357, from May 2017 through October 2019. Plaintiff posits that he worked an average of sixty (60) hours per week and was not properly compensated for all hours worked or for overtime and was not provided required wage statements and notices. Plaintiff's position based on the records received to date was that he is owed $44,732.95

Letter to Honorable James Orenstein
October 2, 2020
Page 2

in unpaid wages, plus $10,000.00 for the notice violations.

Defendants for their part asserted that Plaintiff was paid time and one-half whenever he worked more than forty (40) hours in a week and was paid for every hour worked, and that time sheets that have been provided reflect those facts. Defendants contended that Plaintiff was provided all required written notices. Defendants further contended that they are entitled to setoffs for monies received by Plaintiff from his unauthorized rental of an apartment owned by the Company that was supposed to be used by Plaintiff himself in the course of his employment, and for monies received by Plaintiff from his unauthorized rental of parking spaces owned by the Company. Defendants assert that nothing is owed to Plaintiff, and that their documentary and testimonial evidence would refute any contrary witness testimony or documentary evidence produced by Plaintiff.

The parties therefore acknowledge that they face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the parties have agreed to resolve and settle the case for the gross amount of $22,000.00. After the deduction of Plaintiff's counsel's attorneys' fees and costs of $7,333.00 (discussed further below), this results in a settlement payment to Plaintiff Avelar of $16,666.66. This reflects a reasonable compromise between the parties' disputed positions over (1) Defendants' alleged failure to pay overtime wages, failure to give a wage notice at time of hire, and failure to provide accurate paystubs; and (2) Plaintiff's alleged receipt of monies owed to the Company from Plaintiff's alleged unauthorized rental of the Company's apartment and parking spaces. In addition, as part of the resolution, Defendants and Plaintiff have agreed to enter into a separate agreement, providing an exchange of mutual general releases of all claims, including any claims that Defendants may have against Plaintiff relating to the alleged unauthorized rental of his apartment unit and parking spaces to third parties.

This settlement considers the costs and the uncertainty of protracted litigation and was reached during a mediation session with Michael Starr, Esq., an experienced employment law mediator and a member of this District's Mediation Panel.

**Fairness of the Settlement Agreement**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id*. at *36 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Plaintiff's recovery – after attorneys' fees – is clearly fair and reasonable; it was reached at arm's length, after an extensive mediation session. *See, e.g., Meigel v. Flowers of the World, NYC, Inc.*, No. 11 Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.*, No. 11 Civ. 7410, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Letter to Honorable James Orenstein
October 2, 2020
Page 3

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours may be sufficient to prove the hours that he worked and the wages he received, his recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours. Further, although conflicting with Plaintiff's testimony that he worked sixty (60) hours each workweek, Defendants have documentary evidence that they assert substantiates their claim that Plaintiff rarely worked more than forty (40) hours in a workweek; that Plaintiff was paid at an overtime rate of time-and-one-half for all hours that he worked over forty (40) hours in any workweek; and that Plaintiff was paid for all time worked. Defendants also claim to have a counterclaim or setoff relating to Plaintiff's unauthorized rental of the apartment and the parking spaces, which they are releasing as part of this settlement.

Given the conflicting evidence, the quality of the evidence and counsel, and the allocation of the burden of proof on Plaintiff, the settlement agreement represents a reasonable compromise with respect to contested issues.

While this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such. Plaintiff had not yet moved for the issuance of a notice to potential opt-in plaintiffs regarding this action. The Court did *sua sponte* direct the parties to prepare an opt-in notice. At that time, Plaintiff and Defendants had already commenced some settlement discussions. Indeed, at the same time that the parties submitted a draft of a proposed opt-in notice, as instructed by the Court, they requested that the Court refer the case to mediation. While the Court approved the proposed opt-in notice, that notice did not contain specific dates either for its issuance or for responses by any potential opt-in plaintiff. Although Plaintiff greatly appreciates this Court's *sua sponte* ruling to move the preliminary collective process forward, Plaintiff is desirous of settling this case for himself currently, on the basis of the mediated settlement terms. In fact, he calls my office frequently to inquire as to the status of finalizing this mediated settlement. The parties are prepared to execute this proposed settlement agreement promptly upon approval by the Court.

To date, the form of notice has not been disseminated, and there has been no publicity concerning this matter. There has been no prejudice to any potential opt-in claimant who is not a party to the settlement agreement, and any such potential opt-in claimant remains free to assert his or her own individual claims against the Defendants in a separate action. Indeed, the settlement agreement specifically provides that it is not intended as a bar to any third-party claimant asserting any FLSA or NYLL claim, on an individual or class basis, which does not involve the claims asserted by the Plaintiff in this action.

**<u>Attorney's Fees</u>**

The settlement agreement also provides for reasonable attorneys' fees. Counsel for Plaintiff, Nolan Klein, Esq., was highly qualified to represent Plaintiff in this case, and achieved a result with which the Plaintiff is satisfied. Mr. Klein litigates at the trial court and appellate levels and has taught CLE courses on how to litigate in federal court, including a course on litigation of FLSA cases. Mr. Klein has represented clients in commercial litigation and appeals, including in dozens of FLSA matters. Mr. Klein has been a member in good standing of the Florida Bar since 2003, of the New York Bar since 2012, and has appeared as a legal analyst on Fox News, CNN, CNBC, and CBS. He is licensed to practice in multiple federal districts, including the Southern and Middle Districts of Florida, the Northern District of Illinois, the District of Colorado, and Southern, Eastern, Western,

Letter to Honorable James Orenstein
October 2, 2020
Page 4

and Northern Districts of New York.

Pursuant to our firm's agreement with the Plaintiff, we are entitled to retain one third of the settlement amount ($7,333.00) as attorney's fees. We are also entitled to be reimbursed for all out-of-pocket costs; however, we are agreeing to waive that reimbursement in this case. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015)). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

### **Conclusion**

For the foregoing reasons, counsel for all parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

                                                Respectfully submitted,

                                                 */s/ Nolan K. Klein*
                                                Nolan K. Klein, Esq.

cc:      Regina E. Faul, Esq.
           Laura E. Longobardi, Esq.

1452434