## AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Agreement and Mutual Release of Claims ("Mutual Release Agreement") is entered into by and among Plaintiff Luis Avelar ("Plaintiff" or "Avelar") on the one hand, and Defendants Ciampa Management, Corp. ("Ciampa Management"), Douglas A. Ciampa ("Ciampa") and Victor Hidalgo ("Hidalgo") (collectively, "Defendants"), on the other hand. Together, Plaintiff and Defendants are referred to as the "Parties."

**WHEREAS**, the Parties have entered into a separate agreement (the "Wage-and-Hour Agreement") to settle the action commenced by Plaintiff against Defendants in the United States District Court for the Eastern District of New York (the "Court"), Civil Action No.: 20-cv-00210-AMD-JO (the "Litigation"), which alleged, among other things, claims of wage-and-hour violations and unlawful retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law (N.Y. Lab. Law. § 190 *et seq.* ("NYLL"); and

**WHEREAS**, Defendants contend (but had not asserted in the Litigation) that they have claims for breach of fiduciary duty and conversion against Plaintiff, arising from Plaintiff's collection of monies from his purported unauthorized rental of an apartment owned by Ciampa Management that was supposed to be used by Plaintiff himself in the course of his employment, and for Plaintiff's collection of monies from his purported unauthorized rental of parking spaces owned by Ciampa Management, entitling Defendants to setoffs for such monies received by Plaintiff; and

**WHEREAS**, in order to assure that there are no other outstanding disputes or claims between the Parties, including but not limited to any other claims that the Plaintiff has or may have against the Defendants relating to his employment, and claims that the Defendants have or may have against the Plaintiff for breach of fiduciary duty and conversion, regardless of whether such claims by Plaintiff or Defendants were or could have been asserted in the Litigation, the Parties have determined that it is in their mutual best interests to enter into this Mutual Release Agreement, pursuant to which Plaintiff will receive additional consideration that he is not otherwise entitled to receive;

**NOW, THEREFORE**, in consideration of One Dollar ($1.00), the mutual covenants and promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

    1.    **Mutual General Releases**.

        a.    **By Plaintiff**: As a material inducement to Defendants to enter into this Mutual Release Agreement, Plaintiff Avelar, on behalf of himself and his agents, assigns, heirs, executors, administrators and representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Mutual Release Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, and each of their respective (as applicable) heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers (collectively, "Releasees"), from any and all actions, charges, causes of action, complaints, claims, judgments and liabilities of any kind or

nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity, whether based on common law or otherwise, related or in any manner arising out of Plaintiff's employment, separation of employment or affiliation with any of the Releasees (**excluding any and all wage-and-hour and related retaliation claims arising under the Fair Labor Standards Act, the New York Labor Law, and/or the New York Wage Theft Prevention Act that are the subject of the Wage-and-Hour Agreement**), including but not limited to, all individual, class and/or representative claims of any kind arising under Sections 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., as amended; the Older Workers' Benefit Protection Act of 1990; the New York State Executive Law; the New York State Human Rights Law, as amended; the New York State Civil Rights Law, as amended; the New York Legal Activities Law; the New York Worker Health and Safety Act; and/or any other federal, state or local human rights, civil rights, wage-hour, pension or labor law, rule, statute, regulation, constitution or ordinance and/or public policy, contract or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty or any action similar thereto, whether arising in law or equity, whether known or unknown, that Plaintiff may have against any Releasee, from the beginning of the world through the date of Plaintiff's execution of this Mutual Release Agreement.

    i.    **Collective/Class Action Waiver**.  Plaintiff waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants are a party.  In the event any class or collective action is brought against Defendants that includes or may include Plaintiff, upon learning of such action, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

    ii.    **Communications with Government Agencies**.  Nothing in this Mutual Release Agreement prohibits or prevents Plaintiff from reporting to, filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency, including but not limited to the Department of Justice, the Securities and Exchange Commission, the National Labor Relations Board, the Equal Employment Opportunity Commission, Congress, and any agency Inspector General.  However, to the maximum extent permitted by law, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies resulting from any

such investigation, hearing, or other proceeding.

  iii. **Non-Waiver of Rights by Plaintiff**.  By executing this Mutual Release Agreement, Plaintiff is not waiving any rights he may have: (1) to receive his own vested accrued employee benefits under the Defendants' health, welfare or retirement benefit plans as of the last day of his employment; (2) to receive benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; and/or (3) to challenge the validity of this Mutual Release Agreement.

 b. **By Defendants.**  In consideration of the general release given by Plaintiff to Releasees, the other promises and actions of Plaintiff set out in this Mutual Release Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants hereby release and forever discharge Plaintiff from any and all claims of any kind or nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity that Defendants at any time have or may have had against Plaintiff regarding any events that occurred from the beginning of the world through the date of their execution of this Mutual Release Agreement.

 c. **Claims Not Released**.  The releases contained in this Paragraph 1 do not extend to (i) any subsequent action or proceeding to enforce this Mutual Release Agreement or (ii) any claims that cannot lawfully be waived or released.

2. **Mutual Non-Disparagement**.

 a. **Covenant by Plaintiff**.  Plaintiff shall not, in any manner:

  i. Disparage the Defendants in any forum or form, whether electronic or otherwise, including, without limitation, comments or statements to the press or any individual or entity, which could adversely affect the conduct of the business of the Defendants or the reputation or interests of the Defendants; or

  ii. Make any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which statements or postings. could adversely affect the business of the Defendants or the reputation or interests of the Defendants.

 b. **Covenant by Defendants**.  The Defendants, and any officers to whom the Mutual Release Agreement is disclosed, similarly shall not, in any manner:

  i. Disparage Plaintiff in any forum or form, whether electronic or otherwise, including, without limitation, comments or statements to the press or any individual or entity, including current or former employers of Plaintiff, which could adversely affect the reputation or interests of Plaintiff; or

  ii. Make any statements or postings on any social networking

3

or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which statements or postings could adversely the reputation or interests of Plaintiff.

3. **Confidentiality**.

a. The contents, terms and conditions of this Mutual Release Agreement must be kept confidential by Plaintiff and may not be disclosed except (i) to the extent specifically required by law or by court order; (ii) to enforce or defend the Parties' rights under this Mutual Release Agreement or as a part of or in any litigation that involves Plaintiff, on the one hand, and Defendants, on the other hand; or (iii) to Plaintiff's accountant, attorney or other advisors and immediate family members.

b. If Plaintiff is asked for information concerning this settlement or the terms of this Mutual Release Agreement, he will state only that the Parties reached an amicable resolution of any disputes concerning Plaintiff's employment with Defendants.

i. Prior to any permitted disclosure (as set forth in Subparagraph 3.a) concerning this Mutual Release Agreement, Plaintiff shall advise the intended recipient of the confidentiality requirements of this Subparagraph 3.a and that disclosure of the terms of this Mutual Release Agreement may subject him to liability. Plaintiff shall obtain assurances from the intended recipient that he or she shall maintain the confidentiality of the information he or she will receive. This provision does not prohibit any disclosure or statement relating to any proceeding to enforce the terms of this Mutual Release Agreement.

ii. If Plaintiff is served with any subpoena or order issued by any person or entity, including but not limited to any attorney, any law enforcement agency for an administrative body, or any federal administrative tribunal or court, seeking information or testimony about the terms of or circumstances underlying this Mutual Release Agreement, Plaintiff shall promptly notify Defendants' counsel via email at the address in Paragraph 8. Nothing contained in this Mutual Release Agreement shall be deemed to prohibit Plaintiff from testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law.

4. **No Admission of Wrongdoing**. Neither the execution of nor compliance with this Mutual Release Agreement by the Parties shall be construed as an admission by any Party of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. **Modification of the Mutual Release Agreement**. This Mutual Release Agreement may not be changed unless the changes are in writing and signed by the respective proper representatives of Plaintiff and Defendants.

6. **Acknowledgments**. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Mutual

Release Agreement except for statements, representations or promises expressly set forth in this Mutual Release Agreement. Plaintiff and Defendants further acknowledge that the only consideration for signing this Mutual Release Agreement is as set forth in this Mutual Release Agreement.

7. **Prevailing Party Fees**. Unless otherwise stated in this Mutual Release Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Mutual Release Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

8. **Notices**. Notices required under this Mutual Release Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered:

To Plaintiff Avelar:

Nolan Klein, Esq.
Law Offices of Nolan Klein
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (954) 745-0588
Email: klein@nklegal.com

To Defendants:

Regina E. Faul, Esq.
PHILLIPS NIZER LLP
485 Lexington Avenue
New York, NY 10017
(212) 977-9700
Email: rfaul@phillipsnizer.com

9. **Governing Law**. This Mutual Release Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Mutual Release Agreement. This Mutual Release Agreement shall not become effective or enforceable until it is approved by the Court.

10. **Enforceability**. If any provision of this Mutual Release Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Mutual Release Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Avelar agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

5

      11.      **Counterparts**.  This Mutual Release Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  This Mutual Release Agreement may also be executed by facsimile transmission.

      12.      **Additional Acknowledgments by Plaintiff**.  Defendants have advised Plaintiff to discuss the terms of this Mutual Release Agreement and the release of claims with his legal counsel.  Plaintiff hereby acknowledges that he has had an opportunity to consult with his counsel, Nolan Klein, Esq., and that after such consultation, Plaintiff further acknowledges as follows:

      a.      It is his choice to waive his claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Mutual Release Agreement, and to consult with counsel;

      b.      He understands the terms of this Mutual Release Agreement and the release of the Claims, and that he is signing this Mutual Release Agreement voluntarily;

      c.      **He understands and represents that:**

      i.      **HE HAS SEVEN (7) DAYS FOLLOWING HIS EXECUTION OF THIS MUTUAL RELEASE AGREEMENT ("REVOCATION PERIOD") TO REVOKE THE PROVISIONS OF SUBPARAGRAPH 1.a CONCERNING THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE OLDER WORKERS' BENEFIT PROTECTION ACT BY EXECUTING AND DELIVERING A WRITING SETTING FORTH SUCH REVOCATION TO THE DEFENDANTS' COUNSEL DURING THE REVOCATION PERIOD; AND**

      ii.      **NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS MUTUAL RELEASE AGREEMENT, THE PROVISIONS OF SUBPARAGRAPH 1.a (OTHER THAN THOSE CONCERNING THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE OLDER WORKERS' BENEFIT PROTECTION ACT) SHALL BE EFFECTIVE UPON THE DATE THIS MUTUAL RELEASE AGREEMENT IS EXECUTED BY PLAINTIFF, AND SHALL NOT BE AFFECTED BY ANY SUBSEQUENT REVOCATION BY PLAINTIFF WITHIN THE REVOCATION PERIOD OF THE PROVISIONS IN PARAGRAPH 1.a CONCERNING THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE OLDER WORKERS' BENEFIT PROTECTION ACT.**

**IN WITNESS THEREOF**, the Parties have knowingly and voluntarily executed this Mutual Release Agreement as of the dates set forth below.

**PLAINTIFF**:

_____
**LUIS AVELAR**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF _____  )

      On the _____day of _____, 2020, before me, the undersigned notary public, personally appeared Luis Avelar, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**DEFENDANTS:**

**CIAMPA MANAGEMENT, CORP.**

By: _____

Print Name   _____

Title            _____

_____
**DOUGLAS A. CIAMPA**

_____
**VICTOR HIDALGO**